UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                Case No. 04-CR-171

RUBEN M. HERNANDEZ,

    Defendant.

---

## ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE

    On October 27, 2004, Defendant Rueben Hernandez was sentenced to 262 months in prison for conspiracy to distribute controlled substances. Hernandez agreed that the offense involved 500 grams or more of cocaine. In fact, the presentence report established that in the course of the conspiracy that covered some three years and states from Texas to Wisconsin and Michigan, Hernandez was responsible for distributing at least 17.58 kilograms of cocaine and 158.8 kilograms of marijuana. Because of his prior felony convictions for drug offenses, Hernandez was considered a career offender under the United States Sentencing Guidelines, resulting in a guideline sentencing range of between 262 and 327 months. Hernandez was sentenced to 262 months.

    The case is currently before the court on Hernandez' motion for reduction of his sentence pursuant to the compassionate release provision of the First Step Act, 18 U.S.C. § 3582(c)(1)(A). That section authorizes the court, thirty days after a request has been made to the warden of the facility in which the defendant his held, to reduce a defendant's term of imprisonment, "after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that

— extraordinary and compelling reasons warrant such a reduction." For the reasons that follow, the court makes such a finding here.

Hernandez is currently serving his sentence at FCI Pekin, a medium security prison located in Illinois. He is 66 years of age and has been diagnosed with Type II Diabetes Mellitus; Hyperlipidemia; Hypertension; lower back pain; Neuralgia and Neuritis; and Obesity. Hernandez has also been seeing an ophthalmologist for nearsightedness and a partial retinal tear. He takes seven different medications on a daily basis and receives steroidal injections for lumbar degenerative disc disease. He is 5'5" and weighs well over 200 pounds, with a recent BMI of 37.0.

Based on his age and medical conditions, Hernandez is considered significantly more vulnerable to the COVID-19 virus that has spread throughout the nation. Even the Government concedes that Type II diabetes is "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Although Pekin has not had any inmates who have died from COVID-19, two have now tested positive and some 85 have tests pending. The presence of the potentially lethal disease in a prison poses a serious risk to inmates who have increased vulnerability due to age and medical condition because of the difficulty of maintaining the safety precautions that are needed to prevent the spread of the disease.

Hernandez was sentenced only two months after the Supreme Court held in *Booker v. United States*, 543 U.S. 220 (2005), that the United States Sentencing Guidelines could be treated as advisory. At that time, the law was unclear as to the discretion district courts were allowed in deviating from the previously mandatory sentencing guidelines, particularly in cases where the defendant was classified as a career offender. Today, it is highly unlikely Hernandez' sentence

would not have been as long.  Although he had a lengthy history of drug dealing, Hernandez did not have a history of violence or use of firearms in connection with his crimes.

Hernandez has now served almost 16 years of the sentence imposed by the court.  His projected release date, via good time conduct is December 26, 2022 and his eligibility for home confinement is June 26, 2022.  This is more than sufficient time, taking into consideration the nature and circumstances of his offense and his history and characteristics, to accomplish the need for the sentence to impose just punishment, deter the defendant and others from such criminal behavior, protect the public from further crimes of the defendant, and provide an opportunity for rehabilitation.  Finally, the court notes that Hernandez' release plan (to reside with his wife and son in Wautoma, Wisconsin) has been approved by U.S. Probation.  Under these circumstances, requiring Hernandez to continue serving his sentence at increased risk of contracting a deadly virus would not serve the interests of justice.

Accordingly, and for the reasons set forth above, the court finds extraordinary and compelling reasons warrant a reduction of the defendant's sentence to time served.  The motion for compassionate release is therefore granted, and Hernandez is to be released from custody upon the completion of arrangements to effect his safe transportation back to his home.

**SO ORDERED** at Green Bay, Wisconsin this 2nd day of July, 2020.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge